## UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF CONNECTICUT

| | |
|---|---|
| WEISS ACQUISITION, LLC,<br><br>              Plaintiff,<br><br>  v.<br><br>SOHIL PATEL; PRANAV PATEL; PP CONSULTING, LLC; WEISS AUTOMATION, LLC; AND SURENDRA PATEL;<br><br>              Defendants. | 3:12 - CV - 1819 (CSH) |

## ORDER

**HAIGHT, Senior District Judge:**

I.       **INTRODUCTION**

On December 28, 2012, Plaintiff Weiss Acquisition, LLC ("Plaintiff") commenced this civil action against individual defendants, Sohil Patel, Pranav Patel, and Surendra Patel, and limited liability companies, PP Consulting, LLC and Weiss Automation, LLC (herein collectively "Defendants"),  alleging, *inter alia*, misappropriation of trade secrets, improper negotiation of checks, larceny, improper use of Plaintiff's email addresses, and unfair and/or deceptive practices in trade or business.  In particular,  Plaintiff's Complaint set forth six causes of action: unfair competition; breach of the Connecticut Uniform Trade Secrets Act, Conn. Gen Stat. §35-51, *et seq*.; unjust enrichment; theft under Conn. Gen. Stat. §52-564; computer crime pursuant to Conn. Gen. Stat. §53a-251(e); and violation of the Connecticut Unfair Trade Practices Act ("CUTPA"), Conn. Gen. Stat. §42-110b.   Each of these actions arises under Connecticut common law or state statute.

1

Contemporaneously with the Complaint, Plaintiff filed an "Application for Preliminary Injunction" (Doc. #2), moving the Court to enjoin Defendants, as set forth in Plaintiff's proposed Order, Doc. #2-11.   Specifically, via the proposed "Preliminary Injunction," Plaintiff moves the Court to order Defendants to:  return the name of  "Weiss Automation[,] LLC back to Weiss Instrument[,] LLC;" transfer various domain names to Plaintiff; cease using the Weiss trade name and/or any email addresses owned by Plaintiff; return all data  or software obtained from Plaintiff; cease accessing Plaintiff's server, computer system or database; refrain from contacting or soliciting Plaintiff's customers; and return to Plaintiff "any checks made out to Weiss Instrument[,] LLC, Weiss Instrument or any other company owned by the Plaintiff."[1] Doc. #2-11, ¶¶1-8.

Before the Court may consider  Plaintiff's motion for preliminary injunction or schedule an evidentiary hearing thereon, the Court must be satisfied that it has subject matter jurisdiction over this matter.   In the Complaint, Plaintiff stated that "[t]his Court has jurisdiction pursuant to 28 U.S.C. §1332(a)(1) because the action is between citizens of different states and the amount in controversy is greater than $75,000, exclusive of interest and costs." Doc. #1, ¶7.  However, as set forth below, Plaintiff has pled insufficient facts to establish the citizenship of the limited liability company parties to this action.   Therefore, the Court *sua sponte* directs Plaintiff to demonstrate additional facts to confirm the existence of subject matter jurisdiction.

---

[1] Such a motion for injunctive relief is consistent with Plaintiff's Complaint in that Count One requests the Court to "enter a preliminary injunction preventing [further injurious] conduct" by Defendants.  Doc. #1, ¶21.  Moreover, under the second and fifth Counts, Plaintiff asserts that it is entitled to an injunction to prohibit Defendants' "use of Plaintiff's trade secrets and requir[e] their return" and to prevent further misconduct by Defendants.  *Id.*, Count Two, ¶26, & Count Five, ¶30.

## II.   <u>DISCUSSION</u>

A federal court has an independent duty to determine with certainty whether it has subject matter jurisdiction over a case pending before it.  If necessary, the court is obligated to consider its subject matter jurisdiction *sua sponte*.  *Joseph v. Leavitt*, 465 F.3d 87, 89 (2d Cir.2006) ("Although neither party has suggested that we lack appellate jurisdiction, we have an independent obligation to consider the presence or absence of subject matter jurisdiction *sua sponte*."), *cert. denied*, 549 U.S. 1282 (2007); *see also  Univ. of South Alabama v. Am. Tobacco* Co., 168 F.3d 405, 410 (11th Cir. 1999) ("a federal court is obligated to inquire into subject matter jurisdiction *sua sponte* whenever it may be lacking").  The court must  "review a plaintiff's complaint at the earliest opportunity to determine whether [there is in fact] subject matter jurisdiction."  *Licari v. Nutmeg Ins. Adjusters, Inc.*, No. 3:08mc245(WIG), 2008 WL 3891734, at * 1 (D. Conn. July 31, 2008) (citing *Transatlantic Marine Claims Agency, Inc. v. Ace Shipping Corp.*, 109 F.3d 105, 107-08 (2d Cir. 1997) (holding that district court may raise issue of subject matter jurisdiction *sua sponte* at any time)).

In general, if subject matter jurisdiction is lacking, the action must be dismissed.  Fed. R. Civ. P. 12(h)(3) ("If the court determines at any time that it lacks subject-matter jurisdiction, the court must dismiss the action.").  *See, e.g.,  Manway Constr. Co. v. Housing Auth. of Hartford,* 711 F.2d 501, 503 (2d Cir. 1983) ("It is common ground that in our federal system of limited jurisdiction any party or the court *sua sponte*, at any stage of the proceedings, may raise the question of whether the court has subject matter jurisdiction; and, if it does not, dismissal is mandatory."); *Lovejoy v. Watson,* 475 F. App'x 792, 792 (2d. Cir. 2012) ("Where jurisdiction is lacking, . . . dismissal is mandatory.") (internal quotations and citation omitted).   A dismissal for lack of subject matter

jurisdiction is without prejudice, since in that circumstance the court does not reach the merits of the case.

With respect to diversity jurisdiction, diversity of citizenship exists only where the plaintiff's citizenship is diverse from that of all defendants.  *See, e.g.*, *St. Paul Fire and Marine Ins. Co. v. Universal Builders Supply*, 409 F.3d 73, 80  (2d Cir. 2005) ("Diversity is not complete if any plaintiff is a citizen of the same state as any defendant.")  (citing  *Owen Equipment & Erection Co. v. Kroger*, 437 U.S. 365, 373-74 (1978)).  Moreover, "[i]n an action in which jurisdiction is premised on diversity of citizenship, diversity must exist at the time the action is commenced."  *Universal Licensing Corp. v. Lungo*, 293 F.3d 579, 581 (2d Cir. 2002).

"The burden of demonstrating subject-matter jurisdiction lies with the party  asserting it . . . ."  *MLC Fishing, Inc. v. Velez*,  667 F.3d 140, 141 (2d Cir. 2011) (quoting *Mathirampuzha v. Potter*, 548 F.3d 70, 85 (2d Cir.2008)); *see also  Sharkey v. Quarantillo*, 541 F.3d 75, 82-83 (2d Cir. 2008) ("'The party invoking federal jurisdiction bears the burden of establishing' that jurisdiction exists.") (quoting *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561 (1992));  *Scelsa v. City University of New York,* 76 F.3d 37, 40 (2d Cir. 1996) ("Plaintiff, who is seeking to invoke the subject matter jurisdiction of the district court, bears the burden of showing that he was properly before that court.") (citations omitted); *Lehigh Val. Industries, Inc. v. Birenbaum*, 527 F.2d 87, 92 (2d Cir. 1975)("[i]t is basic that the burden of proving jurisdiction is upon the party who asserts it and that he must show by the complaint and supporting affidavits the essential [jurisdictional] requirements").

"Each factual issue necessary to support subject matter jurisdiction 'must be supported in the same way as any other matter on which the plaintiff bears the burden of proof, *i.e.*, with the manner

4

and degree of evidence required at the successive stages of the litigation.'"[2] *Sharkey*, 541 F.3d at 84

(quoting *Lujan*, 504 U.S. at 561). "A district court has discretion to hold a hearing to resolve factual

disputes that bear on the court's jurisdiction, but where, as here, the case is at the pleading stage and

no evidentiary hearings have been held," the court "accept[s] as true all material facts alleged in the

complaint and draw[s] all reasonable inferences in the plaintiff's favor." *Sharkey*, 541 F.3d at 83

(internal quotations and citation omitted). *See also Lujan*, 504 U.S. at 561 ("At the pleading stage,

general factual allegations . . . may suffice [to establish jurisdiction] . . ."). Nonetheless, "jurisdiction

must be shown affirmatively, and that showing is not made by drawing from the pleadings inferences

favorable to the party asserting it." *Morrison v. Nat'l Australia Bank Ltd.*, 547 F.3d 167, 170 (2d

Cir. 2008) (quoting *APWU v. Potter*, 343 F.3d 619, 623 (2d Cir.2003)), *aff'd*, 130 S.Ct. 2869

(2010).[3]

    In its Complaint, Plaintiff asserts that this Court has subject matter jurisdiction based on

diversity of citizenship. Doc. #1, ¶7. Pursuant to 28 U.S.C. §1332(a)(1), "[t]he district courts shall

---

[2] For example, when subjected to a Rule 12(b)(6) motion to dismiss on jurisdictional grounds, "[a] plaintiff asserting subject matter jurisdiction has the burden of proving its existence by a preponderance of the evidence." *Jordan v. Verizon Corp.*, 391 F. App'x 10, 12 (2d *Cir. 2010). Accord Makarova v. United States,* 201 F.3d 110, 113 (2d Cir.2000). *See also Amidax Trading Group v. S.W.I.F.T. SCRL*, 671 F.3d 140, 145 (2d Cir. 2011) (*per curiam*) ("In reviewing a facial attack to the court's jurisdiction, we draw all facts—which we assume to be true unless contradicted by more specific allegations or documentary evidence—from the complaint and from the exhibits attached thereto.") (citing *L–7 Designs, Inc. v. Old Navy, LLC*, 647 F.3d 419, 422 (2d Cir.2011)).

[3] To resolve a motion to dismiss for lack of subject matter jurisdiction, a district court may consider evidence outside the pleadings. *Morrison*, 547 F.3d at 170 (citing *Makarova*, 201 F.3d at 113) *See also Norton v. Larney*, 266 U.S. 511, 515-16 (1925) ("It is quite true that the jurisdiction of a federal court must affirmatively and distinctly appear and cannot be helped by presumptions or by argumentative inferences drawn from the pleadings. If it does not thus appear by the allegations of the bill or complaint, the trial court, upon having its attention called to the defect or upon discovering it, must dismiss the case, unless the jurisdictional facts be supplied by amendment.").

have original jurisdiction of all civil actions where the matter in controversy exceeds the sum or value of $75,000, exclusive of interest and costs, and is between – (1) citizens of different States."[4] However, as set forth *infra*, Plaintiff has failed to provide sufficient facts to establish that such diversity of citizenship exists.[5]  Unless and until Plaintiff cures this defect, supplying jurisdictional facts by amending the Complaint, the Court may not proceed with the case.  Put simply, if jurisdiction is not established, the Court must dismiss the case.

### A.    Clarity of Parties

At the outset, the Court notes that confusion exists on the face of the Complaint as to the intended plaintiff or plaintiffs in this action.  Although Weiss Acquisition, LLC  is named as the sole plaintiff in the caption of the Complaint and as the sole signatory of that pleading, other "plaintiffs" – to wit, "plaintiffs Source Capital Mezzanine Fund I, L.P. d/b/a Source Capital Mezzanine Partners, L.P." –  are referenced at paragraph 9 of the Complaint.[6]

As the Second Circuit has recognized, the Federal Rules require clarity as to the named parties in an action.  "Rule 10(a) requires that the caption of the complaint include the names of all

---

[4]  If, as Plaintiff alleges, "the amount in controversy is greater than $75,000, exclusive of interest and costs," the  element  of  jurisdictional  amount  is  satisfied.   *See* Doc. #1, ¶7.

[5]  Because  all  of  Plaintiff's  claims  arise  under  Connecticut  state  common  law  or Connecticut statute, the Complaint alleges no facts or circumstances that potentially give  rise  to a federal claim arising under the Constitution or federal statute.  Therefore, no "federal question" subject matter jurisdiction may be found under 28 U.S.C. § 1331.

[6]  *See* Doc. #1, ¶9  ("On July 12, 2011, *plaintiffs*  Source Capital Mezzanine Fund I, L.P. d/b/a Source Capital Mezzanine Partners, L.P. ("Source") lent $2,250,000 to Raman Technologies, LLC ("Raman"), Weiss Instrument, LLC ("Weiss Instrument") and White Badger Security, Inc. ("White Badger") . . .  pursuant to a Loan and Security Agreement and Secured Promissory Note of the same date.") (emphasis added).

of the parties to the action." *Hernandez-Avila v. Averill*, 725 F.2d 25, 27 (2d Cir. 1984) (plaintiff not identified by name in caption and who did not sign the pleadings held not a party). *Accord Jones v. State of La. Through Bd. Of Trustees for State Colleges & Universities*, 764 F.2d 1183, 1185 (5th Cir. 1985). Moreover, "Rule 11 requires that all pleadings be signed and provides that if a party is not represented by an attorney, the pleading must be signed by the party." *Hernandez-Avila*, 725 F.2d at 27-28.[7]

To cure this ambiguity regarding the number and identity of intended plaintiffs, Plaintiff should amend the complaint under Federal Rule of Civil Procedure 15(a), permitting such amendment by leave of the court, "freely given when justice so requires." *See, e.g., Doe v. Greiner*, 662 F.Supp.2d 355, 359 (S.D.N.Y. 2009)("A plaintiff's request seeking permission to modify an official caption is properly brought under Federal Rule of Civil Procedure 15, which governs amendment of the pleadings.")(citing *Hernandez-Avila*, 725 F.2d at 28 n.4); *Frank C. Gaides, Inc. v. Provident Life & Accident Ins. Co.,* No. CV–95–1273 (CPS), 1996 WL 497085, at *2 (E.D.N.Y. Aug. 26, 1996) ("Under Rule 10(a), a caption should include the names *of all the parties* to an action and may only be amended with the Court's permission.") (citing *Hernandez-Avila*, 725 F.2d

---

[7]  Federal Rule of Civil Procedure 10(a), entitled, "Caption; Names of Parties," provides:

> Every pleading must have a caption with the court's name, a title, a file number, and a Rule 7(a) designation. The title of the complaint *must name all the parties*; the title of other pleadings, after naming the first party on each side, may refer generally to other parties.

Fed. R. Civ. P. 10(a) (emphasis added).

Rule 11 mandates that "[e]very pleading, written motion, and other paper must be signed by at least one attorney of record in the attorney's name – or by a party personally if the party is unrepresented." Fed. R. Civ. P. 11(a).

at 27) (emphasis added).  Here, Plaintiff must amend its Complaint to clarify whether it is the sole intended plaintiff in this action or whether any other entity named in the Complaint (*e.g.*, Source Capital Mezzanine Fund I, L.P.)  is also intended as a plaintiff.

### B.      Citizenship of Limited Liability Companies

Assuming that Weiss Acquisition, LLC  is the sole intended plaintiff in this action – the one party from whose citizenship all Defendants' citizenship must be diverse – Plaintiff's factual allegations of citizenship are deficient.  Plaintiff merely  states that "Weiss Acquisition, LLC is a limited liability company organized under the laws of the State of Delaware with its principal place of business [located] in Pittsburgh Pennsylvania."[8]  Doc. #1, ¶1.   However, "[t]he citizenship for diversity purposes of a limited liability company . . . is the citizenship of *each of its members*."  *Wise v. Wachovia Securities, LLC*, 450 F.3d 265, 267  (7th Cir. 2006)(emphasis added), *cert. denied*, 549 U.S. 1047 (2006).   Put simply, the "citizenship of a limited liability company is not the state in which it is organized or has its principal place of business, but rather, each of the states in which it has members."  *Lewis v. Allied Bronze LLC*, No. 07 Civ. 1621(BMC), 2007 WL 1299251, at *1-2 (E.D.N.Y. May 2, 2007) (citing *Handelsman v. Bedford Village Associates Ltd.  Partnership*, 213 F.3d 48, [51-52] (2d Cir.2000)).  In *Handelsman*, the Second Circuit articulated the rule that "for purposes of diversity jurisdiction, a limited liability company has the citizenship of its membership."

---

[8]  Plaintiff  has  erroneously  applied the test for  citizenship of a corporation as the  proper test for citizenship of a limited liability company.  For diversity purposes, a corporation is the citizen of the state(s) of its incorporation and the state where its principal place of business is located,  28 U.S.C.  §1332(c)(1).   However,  a  limited  liability  company  may  be  owned  by  one  or  more corporations, individuals, and/or other limited liability companies.  Hence the citizenship of each member determines the citizenship of the limited liability company for diversity purposes.

213 F.3d at 51-52.[9]

Therefore, in order to establish at the pleading stage  its  citizenship as a limited liability company, Plaintiff must allege the identities and citizenship of each of its members, defined as holding an equity interest in the LLC.   Citizenship of each member must be alleged to insure that complete diversity exists in this action.  The Court must be apprised of the identities of all members and their state(s) of citizenship for diversity purposes on the date this action was commenced, December 28, 2012.[10]

Moreover,  Plaintiff has inadequately pled the citizenship of the other two limited liability companies in this action: Defendants PP Consulting, LLC, and Weiss Automation, LLC.  With respect to PP Consulting, LLC, Plaintiff describes it in the Complaint  as "a Connecticut Limited Liability Company with its principal place of business in Cromwell, Connecticut."  Doc. #1, ¶4. Similarly, Plaintiff alleges that "Weiss Automation, LLC is a limited liability company organized under the laws of the state of Connecticut with its principal place of business in Wallingford, Connecticut."  *Id.*, ¶4.   As with its own citizenship, Plaintiff has failed to provide the identities and citizenship of each of the members of the defendant limited liability companies.  Absent such information, diversity may not be determined.[11]

---

[9]  *See also  City of New York v. Mickalis Pawn  Shop, LLC*,  645 F.3d 114, 127 n. 13 (2d Cir. 2011) (citing *Handelsman v. Bedford Vill. Assocs. Ltd. P'ship*, 213 F.3d 48, 51–52 (2d Cir.2000), as the appropriate "test for determining the citizenship of a limited-liability company").

[10]   Plaintiff filed its Complaint on December 28, 2012, which is thus the commencement date of this action for diversity purposes.

[11]  The  Court  has  determined  that  the citizenship of  the individual defendants has been adequately pled.  Plaintiff alleges that Sohil Patel, Pranav Patel, and Surendra Patel are each *domiciled*, respectively,  in cities in Connecticut.  Doc. #1, ¶ 2 (Wallingford, Connecticut), ¶3 (Kensington, Connecticut), and ¶6 (Wallingford, Connecticut).  "An individual's citizenship, within

III.   **CONCLUSION**

Prior to entertaining Plaintiff's motion for preliminary injunction, the Court must ascertain whether *vel non* it has subject matter jurisdiction in this action. Absent subject matter jurisdiction, the Court is barred from proceeding with the action and must dismiss it.

First, in light of paragraph 9 of the Complaint, referencing "plaintiffs Source Capital Mexxanine Fund I, L.P.," Plaintiff must amend its Complaint to clarify whether Weiss Acquisition, LLC is indeed the sole intended plaintiff in this action. If there are additional intended plaintiffs, Plaintiff must properly establish the citizenship of each. Each party's citizenship is essential because diversity jurisdiction hinges on *complete* diversity between all plaintiffs and all defendants.

Second, Plaintiff has the burden of pleading adequate facts to establish diversity of citizenship between Plaintiff and all Defendants. As set forth *supra*, Plaintiff has failed to plead sufficient facts to establish its own citizenship and that of the two defendant limited liability companies. Specifically, Plaintiff must allege the identity and citizenship of each member of each limited liability company that is a party to this action.[12]

---

the meaning of the diversity statute, is determined by his domicile." *Palazzo v. Corio*, 232 F.3d 38, 42 (2d Cir. 2000) (citation omitted). "In general, the domicile of an individual is his true, fixed and permanent home and place of habitation" – *i.e,* "the place to which, whenever he is absent, he has the intention of returning." *Martinez v. Bynum*, 461 U.S. 321, 331 (1983) (quoting *Vlandis v. Kline*, 412 U.S. 441, 454 (1973)). *See also Palazzo*, 232 F.3d at 42; *John Birch Soc. v. Nat'l Broadcasting Co.*, 377 F.2d 194, 199 (2d Cir. 1967); 13B C. Wright, A. Miller & E. Cooper, *Federal Practice and Procedure* § 3612, at 526 (2d ed. 1984). Although an individual may have several residences, he or she can have only one domicile. *Mississippi Band of Choctaw Indians v. Holyfield*, 490 U.S. 30, 48 (1989). Accordingly, because all three individual defendants are domiciled in Connecticut, they are citizens of Connecticut for diversity purposes.

[12]   Plaintiff is reminded that it must make reasonable efforts to investigate the necessary facts to amend the Complaint. "By presenting to the court a pleading, written motion, or other paper – whether by signing, filing, submitting, or later advocating it – an attorney or unrepresented party certifies that to the best of the person's knowledge, information, and belief, formed after an inquiry

Under the governing law, the requisite complete diversity would be lacking if any one member of the Plaintiff LLC, and any one member of either Defendant LLC, are citizens of the same state.

If Plaintiff fails to cure the aforementioned defects in pleading – *i.e*, fails to clarify and/or supply the necessary jurisdictional facts by amending the Complaint, the Court will dismiss the case without prejudice.

Accordingly, on or before **January 18, 2013**, Plaintiff must amend its Complaint to clarify whether it is the sole plaintiff in this action and must further amend its Complaint and/or file affidavit(s) to make a prima facie showing of its own citizenship and that of PP Consulting, LLC and Weiss Automation, LLC.

All case deadlines, including the named Defendants' time within which to answer or move with respect to the Complaint, are stayed pending Plaintiff's amendment of the Complaint. All proceedings are stayed, including Plaintiff's "Application for Preliminary Injunction," Doc. #2. If, upon review of an amended complaint, the Court determines that it possesses subject matter jurisdiction, the action will proceed. Alternatively, if subject matter jurisdiction is lacking, the case will necessarily be dismissed without prejudice.

It is SO ORDERED.

Dated: New Haven, Connecticut
      January 3, 2013             */s/Charles S. Haight, Jr.*
                                       CHARLES S. HAIGHT, JR.
                                       SENIOR UNITED STATES DISTRICT JUDGE

---

reasonable under the circumstances: . . . the factual contentions have evidentiary support or, if specifically so identified, will likely have evidentiary support after a reasonable opportunity for further investigation or discovery . . . ." Fed. R. Civ. P. 11.